UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE M. HOGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL R. OGDEN; LINDA BEATH; and CORWIN KING, in their individual capacities,<br><br>        Defendants. | NO. CV-06-5078-EFS<br><br>**PROTECTIVE ORDER** |

    On November 16, 2007, the parties filed a [Proposed] Stipulated Confidentiality Agreement and Protective Order. (Ct. Rec. 56.) Based upon the parties' stipulation, the following protective order is **HEREBY ENTERED**:

    1.   Certain information and records sought by the parties in discovery or produced or used in this matter are or may be confidential and/or privileged under various state or federal laws. However, disclosure of confidential and/or privileged records and information (in any form) may be appropriate or necessary between the parties for purposes of this lawsuit. The information that the parties may designate

ORDER * 1

as confidential and subject to this Order includes at least the following types of information:

    (a)    Medical and financial information of named parties to this lawsuit;

    (b)    Social security numbers, personnel and personal information and information exempt from disclosure under state or federal law.

2. Any party may designate a document or portion thereof as "confidential" if the party has a good faith and reasonable basis to believe the document (or portion) is private and confidential (for nonexclusive example, exempt from public disclosure). If any party disagrees with the designation, the parties shall first attempt to informally resolve any dispute over whether the information has been properly designated as confidential; if the dispute cannot be resolved, the party designating the information as confidential shall move the Court to determine it is confidential within ten (10) days or, if the Court is unavailable, the first date the Court is available after ten (10) days. Until the Court's ruling, any document designated confidential by any party shall be treated as confidential as provided in this Order.

3. To permit the parties a period to review and designate medical records as confidential pursuant to this Order, records produced by medical providers in response to records releases shall be treated as confidential by the parties for the first twenty-one (21) days following their production by the provider. After twenty-one (21) days, those medical records will not be deemed confidential under this Order, unless

designated as confidential by a party according to the procedures and limitations of this Order.

4. In the case of documents and information contained therein, designation of the document as "confidential" shall be made by the designating party by clearly identifying with particularity the portion of document(s) designated as confidential and marking "CONFIDENTIAL DOCUMENT - PURSUANT TO PROTECTIVE ORDER".

5. Whenever any writing, testimony, information, or material designated as "CONFIDENTIAL DOCUMENT - PURSUANT TO PROTECTIVE ORDER" by this stipulation is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

6. Except upon prior written consent of the party whose information may be at issue or upon further order of a court of competent jurisdiction, documents, information, or material designated as "CONFIDENTIAL DOCUMENT - PURSUANT TO PROTECTIVE ORDER" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, information, or material shall be limited to:

    (a)    the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

    (b)    Plaintiff, Defendants and their counsel of record and paralegal, clerical and secretarial employees of counsel of record;

    (c)    the officers, directors or employees of a party participating in the prosecution, defense, settlement or other disposition of this action;

    (d)    mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action;

    (e)    potential witnesses provided such persons agree to abide and be bound by the terms of this Order;

    (f)    any person who is an author, addressee, or recipient of, or who previously had access to, the Confidential Information;

    (g)    any other person designated by the Court.

7.  The parties shall be allowed to use the aforementioned documents in depositions of parties and witnesses, including expert witnesses in this case, provided the witness agrees to the be bound by this Order.  Any deposition exhibits containing protected information which are filed in Court shall be marked, on the face of the document(s), "CONFIDENTIAL DOCUMENT - PURSUANT TO PROTECTIVE ORDER" and filed under seal in accordance with the Court's procedures.

8.  The parties shall not, for themselves or for any person or persons acting on their behalf, make more copies of this information or material than are reasonably necessary to conduct this litigation. Except as otherwise provided for in this Confidentiality Agreement, this

ORDER * 4

information and material shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

9.  Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, the parties shall either (i) return all copies of all Confidential information obtained through discovery in this action to the opposing party or (ii) certify that all such materials have been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief or document filed with the Court, and deposition and trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Order.  Copies of "CONFIDENTIAL" documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

10. All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 19th day of November, 2007.

                        S/ Edward F. Shea
                          EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2006\5078.Stip.Prot.Order.wpd

ORDER * 5